# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CANTRELL STREETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action 21-cv-04730 |
| v. | ) |
| | ) |
| HEALTHCARE REVENUE | ) |
| RECOVERY GROUP, LLC d/b/a ARS | ) |
| ACCOUNT RESOLUTION SERVICES | ) |
| and EQUIFAX INFORMATION | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) Jury Demanded |

## COMPLAINT

Plaintiff, Cantrell Streeter, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to his reputation as a result of Defendant sharing of false information regarding alleged debts with a third party. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

**PARTIES**

5. Plaintiff, Cantrell Streeter ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for a defaulted Sullivan Urgent Aid Centers, Ltd medical account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services ("ARS"), is a Florida corporation that does or transacts business in Illinois. Its registered agent is Illinois Corporation Service Co., located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

7. ARS is licensed as a collection agency in the State of Illinois.

8. ARS is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

9. ARS regularly collects or attempts to collect defaulted consumer debts on behalf of others, and is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA

10. Defendant, Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company that regularly conducts business throughout every state and county in the United States. It does business in Illinois and its registered agent is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

11. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Equifax was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

12. According to Defendant ARS, Plaintiff incurred a debt for medical debt, originally for a Sullivan Urgent Aid Centers, Ltd medical account ("Account").

13. ARS subsequently began collecting the Account.

14. ARS began reporting the debt sometime in 2018.

15. Plaintiff disputes owing the debt and has requested of all defendants at separate times that his dispute be accurately marked on his credit report.

16. Yet all defendants refuse to do so, still communicating to each other and to potential credit grantors that Plaintiff owes a debt and does not dispute that he owes a debt.

17. Such reporting adversely impacts Plaintiff's credit score.

18. On May 18, 2021, Plaintiff notified ARS that he disputed the debt.

19. ARS received Plaintiff's dispute on May 23, 2021.

20. ARS continued to furnish data regarding the Account to each of the major credit bureaus but refused to list the account as "disputed."

21. On July 15, 2021, Plaintiff, through counsel, sent a letter to Equifax, stating that inaccurate information is being reported on his credit report regarding the debt and including copies of all the documents provided by ARS.

22. Plaintiff explained that he had informed ARS that its tradeline was disputed and that ARS had failed to report the Account as disputed, in violation of federal law.

23. Plaintiff asked that the tradeline be investigated.

24. Equifax did not respond to the disputes.

25. Equifax blindly relied on information provided by a furnisher it knew or should have known to be violating federal law with respect to its credit reporting policies and failed to conduct its own reinvestigation.

26. The information being reported by Equifax is not accurate.

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

28. On May 18, 2021, Plaintiff, through counsel, sent a letter to ARS stating that ARS' credit reporting was disputed. (Exhibit A, Plaintiff's Dispute to Furnisher).

29. ARS received Plaintiff's dispute on May 23, 2021.

30. Plaintiff's letter stated, in part, that the amount reported is not accurate.

31. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id.*

32. Thereafter, on July 3, 2021, ARS communicated credit information regarding the alleged debts to the Equifax consumer reporting agency, including the balance, an account numbers and the date reported. (Exhibit B, Redacted Excerpt from Plaintiff's Equifax Report).

33. ARS failed to communicate that Plaintiff's debt was disputed when it communicated other information to Equifax regarding the debt.

34. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

35. ARS failed to communicate a dispute to the Equifax credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the debt to the credit reporting agency.

36. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

37. ARS materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

38. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

39. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

### **COUNT II—UNREASONABLE REINVESTIGATION—EQUIFAX**

40. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

41. On July 15, 2021, Plaintiff, through counsel, sent a letter to Equifax, stating that inaccurate information is being reported on his credit report, and asking that the account be removed. (Ex. C, Consumer Reporter Agency Dispute Letter to Equifax).

42. Equifax received Plaintiff's dispute and supporting documentation on or about July 20, 2021.

43. However, to date, Equifax continues to report the tradeline.

44. The tradeline fails to note Plaintiff's dispute.

45. Despite Plaintiff providing evidence that he timely disputed the alleged debt with the furnisher, Equifax has disseminated credit reports and/or information that Plaintiff owes the foregoing account with no dispute.

46. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

47. Specifically, Equifax has disseminated false credit information related to soft inquiries and to promotional inquiries, impacting the quality of credit card offers Plaintiff is receiving.

48. Equifax also regularly disseminates information to Credit Karma.

49. Equifax has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

50. The inaccurate information reflects negatively upon Plaintiff, Plaintiff's credit application history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

51. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

52. Plaintiff disputed the inaccurate information with Equifax via regular U.S. mail and certified mail.

53. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified the furnisher of Plaintiff's dispute and the nature of the dispute.

54. Upon information and belief, Equifax updated the reporting of the inquiry at issue solely based upon the information it received from the furnisher in response to Plaintiff's dispute.

55. Specifically, on information and belief, Equifax relied only upon the ACDV provided by a furnisher whom it had been informed was violating federal law with respect to its reporting obligations.

56. Equifax nevertheless, and unreasonably, relied on information provided by ARS.

57. Despite Plaintiff's efforts to date, Equifax has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

58. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    A. Adverse credit action;

    B. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    C. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

    D. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    E. Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

59. At all times pertinent hereto, the conduct of Equifax, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

60. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Reinvestigation required**
>
> **. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

61. Equifax willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

62. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Prompt notice of dispute to furnisher of information**
>
> **. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

63. Equifax willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

64. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Consideration of consumer information**
>
> **In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

65. Equifax willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

66. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

**. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**

**(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

67. Equifax willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

68. 15 U.S.C. § 1681e(b) of the FCRA provides as follows:

**Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

69. Equifax willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

70. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount

of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant Equifax as follows:

- A. Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

- B. Statutory damages pursuant to 15 U.S.C.A. § 1681n;

- C. Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o;

- D. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

By: s/*Celetha Chatman*

One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
980 N Michigan Ave, Suite 1400
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com